IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHARON TETER f/k/a SHARON MURPHEY | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CV. NO. SA-11-CV-00987-DAE |
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC. and BARD BIOPSY SYSTEMS, a Business Unit of Bard Peripheral Vascular, Inc. f/k/a SENORX, INC., and SENORX, Inc., | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant SenoRx Inc.'s motion and the supporting and opposing memoranda, the Court **DENIES** the Motion for More Definite Statement. ("Mot.," Doc. # 37.)

1

BACKGROUND

I.  Factual Allegations

On October 5, 2011, Plaintiff filed the instant action for recovery pursuant to Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985), which established that a cause of action exists for wrongful termination of an employee for refusing to perform an illegal act.  Plaintiff's cause of action arises from her period of employment at Defendant SenoRx, Inc. ("SenoRx"), a company that designs, develops, manufactures, and markets minimally invasive devices for the diagnosis and treatment of breast cancer.  (See "SAC," Doc. # 33 ¶ 6.)  Plaintiff alleges that, while employed by SenoRx as a sales representative, she was asked by her immediate supervisor, Carol Getz ("Getz"), to "do whatever it takes" to convince physicians employed by SenoRx's customers to perform medically unnecessary surgeries in order to replace competitors' products with SenoRx's products.  (Id. ¶ 8.)  Plaintiff alleges that compliance with Getz's request would have exposed her to criminal liability under several provisions of the Texas Penal Code.  (Id.)  After refusing to comply with Getz's request, Plaintiff alleges that she was subjected to intimidation and harassment by Getz.  (Id. ¶ 10.)  Plaintiff further alleges that she filed a formal complaint with SenoRx's Human Resources Department on June 25, 2010 and was subsequently terminated by Getz on June

29, 2010.  (Id. ¶ 11.)  On July 6, 2010, SenoRx was acquired by Defendant C.R. Bard, Inc., and became part of Defendant Bard Biopsy Systems, a business unit of Defendant Bard Peripheral Vascular (collectively, "Bard Defendants").  (Id. ¶ 6.)

II.     Procedural History

Plaintiff filed her original Petition in state court on October 5, 2011.  (See Doc. # 1 Ex. 1.)  On November 21, 2011, the Bard Defendants filed a Notice of Removal in this Court, asserting that federal diversity jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332.  (Doc. # 1.)

On November 28, 2011, the Bard Defendants filed a Motion to Dismiss for Failure to State a Claim.  (Doc. # 8.)  On December 8, Plaintiff filed a First Amended Complaint (doc. # 11) and a Response in Opposition to the Bard Defendants' Motion to Dismiss (doc. # 12).  On December 13, 2011, the Court issued an Order denying the Bard Defendants' Motion to Dismiss as moot in light of Plaintiff's First Amended Complaint.  (Doc. # 15.)  On April 2, 2012, the Court granted Plaintiff leave to amend her complaint (doc. # 32), and on April 9, 2012, Plaintiff filed a Second Amended Complaint ("SAC," doc. # 33).  On April 20, 2012, the Bard Defendants filed an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.  (Doc. # 36.)

On May 2, 2012, Defendant SenoRx filed the instant Motion for More

Definite Statement.  (Doc. # 37.)  On May 9, 2012, Plaintiff filed a Response in Opposition to SenoRx's Motion.  (Doc. # 38.)

## STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

The pleading standard set out in Rule 8(a) is a liberal one, and does not require a plaintiff to plead with specificity the facts giving rise to his or her claim.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that under Rule 8(a)'s notice pleading standard, "[s]pecific facts are not necessary").  As a result, Rule 12(e) motions are generally disfavored and are used "to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail."

Davenport v. Rodriguez, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001); see also Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) ("In view of the great liberality of [Federal Rule of Civil Procedure 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."). Thus, a motion for a more definite statement will be granted only when a pleading is so "barren of specifics," United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 690 n.15 (1973), the opposing party is unable to respond.

## DISCUSSION

Defendant SenoRx asserts that "the pervasive ambiguities comprising the Second Amended Complaint forestall SenoRx from framing a responsive pleading." (Mot. at 5.) Specifically, SenoRx claims that the Second Amended Complaint "fail[s] to identify the substance of a single request made by SenoRx asking Plaintiff to commit an illegal act, the dates of any such requests, and how the requests forced Plaintiff to choose between keeping her job or risking criminal liability." (Id.) SenoRx sets out a number of areas in which it claims that it needs more details in order to frame a responsive pleading. (Mot. at 1–4.)

The Court finds that the Second Amended Complaint is not so vague and ambiguous as to preclude SenoRx from crafting a responsive pleading.[1] Contrary to SenoRx's assertions, the Second Amended Complaint identifies a request made by a SenoRx employee asking Plaintiff to commit an illegal act.  (See SAC ¶ 8 (alleging that Getz asked Plaintiff to "do whatever it takes" to convince doctors to perform unnecessary surgeries)).  Furthermore, the Second Amended Complaint alleges a causal connection between Plaintiff's refusal to comply with Getz's request and Plaintiff's subsequent termination.  Finally, the Second Amended Complaint identifies several relevant dates, including the date that Plaintiff filed a complaint with SenoRx's Human Resources Department and the date Plaintiff was terminated.  (SAC ¶ 11.)  These factual allegations are sufficient to put SenoRx on notice of the facts giving rise to Plaintiff's claim and are not so unintelligible or utterly devoid of specifics as to warrant the granting of a motion under Rule 12(e).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant SenoRx's Motion for More Definite Statement.  (Doc. # 37.)

---

[1] SenoRx's arguments to the contrary are belied by the fact that the Bard Defendants were able to submit an Answer and Affirmative Defenses in response to the Second Amended Complaint.  (See Doc. # 36.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, January 14, 2013.

                                                                                            _____

David Alan Ezra
Senior United States District Judge